IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :      CRIMINAL ACTION
                          :
         v.                :
                          :
LUIS OSARIO                :       NO. 08-533

MEMORANDUM

Bartle, C.J.                                        April 28, 2009

       Defendant Luis Osario is charged in a one-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Now before the court is the motion of defendant to exclude all out-of-court and in-court identifications under the Fourth Amendment to the United States Constitution and Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

I.

       The court held an evidentiary hearing on this motion on April 24, 2009. We make the following findings of fact. At approximately 10:30 p.m. on the evening of March 27, 2008, Philadelphia Police Officer Stephen Cross in a marked squad car was patrolling a high-crime area on West Somerset Street in North Philadelphia. As Officer Cross drove his vehicle eastbound, he observed a Hispanic man with a long ponytail and a striped polo shirt running from nearby North Hope Street onto West Somerset Street. Ample streetlight enabled the officer to distinguish the man's clothing and features. The man slowed to a walk but continued westbound on West Somerset, toward the squad car. At

this point Officer Cross noticed the man carrying what he believed to be a large, "Uzi"-style firearm with the barrel pointed upward.  Suspecting criminal activity, Officer Cross exited his vehicle and approached the man, who attempted to evade the officer by running southbound on North Howard Street where it intersected with West Somerset Street.

Officer Cross immediately began pursuit on foot and simultaneously put out "flash information" over the radio attached to his person in order to obtain assistance from nearby officers.  He stated that he was in pursuit of an armed man in a striped polo shirt with a long ponytail running southbound from West Somerset Street onto North Howard Street.  Seconds later, he saw the man discard the firearm under a parked pickup truck and continue running.  Officer Cross stopped momentarily to retrieve the firearm and then resumed his pursuit.  The weapon recovered was a black 9mm Norinco semi-automatic model 320 with an obliterated serial number.[1]

Philadelphia Police Officers Ricardo Moreno and Maritza Mendez were on patrol in a squad car only a couple of blocks away at the time they heard the flash information from Officer Cross. As they headed westbound on West Lehigh Avenue and turned north on North Howard Street, Officer Mendez observed a man later identified as defendant, Luis Osario, heading southbound toward them.  He matched the description given by Officer Cross but was

---

1.  Defendant has not moved to suppress the seizure of the firearm.

not carrying a firearm.  She and her partner exited their squad car and asked defendant to stop.  After he refused to comply with her commands, the officers brought him to the ground and handcuffed him.  Officer Cross arrived at the scene seconds later and, without prompting, identified defendant as the man he saw carrying the firearm.

Officer Cross estimated that less than a minute elapsed between his initial sighting of the Hispanic man with the firearm and his ensuing identification of defendant.  The chase spanned only a short distance of West Somerset Street and less than a full block of North Howard Street.  During the course of the chase Officer Cross lost sight of the suspect only briefly as he followed the man around the corner from West Somerset Street onto North Howard Street and again when he paused to recover the firearm.  Both times he quickly reestablished defendant's position and resumed pursuit.

II.

Defendant's first argument is that Officer Cross's identification of him at the scene must be excluded because his seizure was unlawful under the Fourth Amendment to the United States Constitution.  "Generally, for a seizure to be reasonable under the Fourth Amendment, it must be effectuated with a warrant based on probable cause." United States v. Brown, 448 F.3d 239, 244 (3d Cir. 2006) (quoting United States v. Robertson, 305 F.3d 164, 167 (3d Cir. 2002).  Law enforcement officers need not obtain a warrant to arrest an individual in a public place,

-3-

however, if they have probable cause to believe that the person

has committed or is committing a crime.  United States v. Watson,

423 U.S. 411, 421 (1976).

> Pennsylvania law provides as follows:
>
> No person shall carry a firearm, rifle or
> shotgun at any time upon the public streets
> or upon any public property in a city of the
> first class unless:  (1) such person is
> licensed to carry a firearm; or (2) such
> person is exempt from licensing under section
> 6106 of this title (relating to firearms not
> to be carried without a license).

18 Pa. Cons. Stat. Ann. § 6108.  Lack of a license is not an

element of the offense; instead, possession of a license is an

affirmative defense that a defendant may prove at trial.

Consequently, a Pennsylvania police officer who observes an

individual in possession of a firearm on a public street has

probable cause to arrest that person for a violation of § 6108.

See Commw. v. Romero, 673 A.2d 374, 377 (1996).

Here, Officer Cross observed defendant brandishing an

uncommon variety of firearm at 10:30 p.m. in a high-crime area.

Based on this information alone, Officer Cross had probable cause

to initiate the pursuit, which resulted in the valid arrest of

the defendant.  Defendant's immediate flight further established

a basis for his seizure.  See United States v. Wardlow, 528 U.S.

119, 124 (2000).  We will deny defendant's motion to suppress

insofar as it is predicated upon alleged violations of his Fourth

Amendment rights.

Defendant also contends that his due process rights would be violated by the admission of Officer Cross's out-of-court identification at trial.  Our Court of Appeals has described this inquiry as two-pronged.  United States v. Stevens, 935 F.2d 1380, 1389 (3d Cir. 1991).  First the district court must determine whether the circumstances surrounding the identification were "unnecessarily suggestive."  Id.  Second, even if the circumstances surrounding the identification were unduly suggestive, the court must examine the totality of the circumstances to determine whether the identification itself carried "a substantial risk of misidentification."  Neil v. Biggers, 409 U.S. 188, 200 (1972).  Relevant factors include:

> (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation.

Id. at 199-200.

The above-described framework clearly does not warrant exclusion of the identification presented here.  As an initial matter, Officer Cross made the identification immediately after a short foot chase during which he lost sight of defendant only briefly.  His fellow officers had no opportunity or need to arrange a photo spread or line-up at the station because Officer Chase arrived at the scene literally seconds after defendant was detained.  The arresting officers did not prompt or otherwise

-5-

solicit the identification.  As a result, the conditions surrounding Officer Cross's identification of defendant were not unduly suggestive.

Moreover, under the totality of the circumstances his identification of defendant was reliable.  Officer Cross testified that he had ample opportunity to view defendant carrying a distinctive firearm on a well-lighted street.  He had no other claims on his attention.  He immediately issued an accurate description of defendant to other officers in the form of flash information and engaged in a brief chase of about one block.  The officer then demonstrated a high level of certainty at the time of the identification of defendant, which occurred less than a minute after the initial sighting.  We will deny defendant's motion to suppress evidence of Officer Cross's out-of-court identification on due process grounds.

For the reasons stated above, the motion of defendant Luis Osario to exclude all out-of-court and in-court identifications will be denied in its entirety.